**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

THOMAS TRZCINSKI,

     Plaintiff,

                              Case No.:

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Thomas Trzcinski, files his Complaint against Defendant, Metropolitan Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Thomas Trzcinski ("Mr. Trzcinski"), is a citizen of the United States and was at all relevant times a participant of the long-term disability policy ("LTD policy") at issue. Defendant, Metropolitan Life Insurance Company ("Defendant"), is the insurer and claims administrator of the LTD policy at issue, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.    FACTS

3.    At all times material to this action there was in full force and effect a group LTD policy constituting a binding contract of insurance between the parties. The disability insurance policy was underwritten and administered by Defendant.

4.    At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.    Mr. Trzcinski was employed with John Hopkins Health System as a Vice President of Finance and Treasurer.

6.    By virtue of his employment, Mr. Trzcinski was an eligible participant of the LTD policy at all times material to this action.

7.    The purpose of the LTD policy was to provide Mr. Trzcinski with monthly benefits in the event he became disabled ("long-term disability benefits").

8.    The LTD policy defines Disability in pertinent part, as follows:

*__Disabled__ or __Disability__ means that, due to Sickness or as a direct result of accidental injury:*
*• You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and*

*• You are, during the Elimination Period and the next 24 months of Sickness or accidental injury:*
    *• You are, unable to earn more than 80% of Your Predisability Earnings at Your Own Occupation for any employer in the National Economy; and*
    *• unable to perform each of the material duties of Your Own Occupation for any employer in the National Economy; and*
*• You are, after such period:*
    *• unable to earn more than 60% of Your Predisability Earnings at any gainful occupation for any employer in the National Economy; and*
    *• unable to perform the duties of any gainful occupation for any employer in the National Economy for which You are reasonably qualified taking into account Your training, education and experience.*

9. Mr. Trzcinski has suffered, and continues to suffer, from chronic back pain due to injury of his costovertebral joint in his thoracic spine at the T-6 level.

10. Mr. Trzcinski is unable to perform the duties of his own occupation, or any gainful occupation, and is disabled under the terms of the LTD policies.

11. Mr. Trzcinski was forced to discontinue work after February 22, 2021, due to disabling conditions.

12. In accordance with the procedures set forth by the LTD policy, Mr. Trzcinski notified Defendant that he was disabled.

13. Defendant acknowledged Mr. Trzcinski's disability under the short-term disability policy, accepting liability by paying short-term disability benefits through the maximum benefit period.

14. By letter dated September 27, 2021, Defendant denied Mr. Trzcinski's claim for long-term disability benefits.

15. Mr. Trzcinski timely appealed Defendant's decision to deny his long-term disability benefits on March 18, 2022.

16. In support of his appeal, Mr. Trzcinski submitted the results of a functional capacity evaluation ("FCE") performed by Neil A. Taylor, OT, CWCE, CWcHP.

17. In his FCE report, Mr. Taylor concluded that "[d]ue to the extensive nature of Mr. Thomas Trzcinski's physical disability / limitations and chronic pain presentation, he is not capable of doing a Sedentary PDL in any capacity for work."

18. In support of his appeal, Mr. Trzcinski submitted a report by Thomas Raley, M.D., who conducted an independent, physical, medical examination ("IME") of Mr. Trzcinski.

19.   In Dr. Raley's IME report, he concluded that that "[a]fter thoroughly examining the [Mr. Trzcinski], getting a thorough history from him and examining his medical records, Mr. Trzcinski is permanently disabled."

20.   In further support of his appeal, Mr. Trzcinski submitted a letter dated August 31, 2021, authored by his doctor, Soo Yeon Kim, M.D., a board-certified pain physician and physiatrist.

21.   In her letter, Dr. Kim writes that Mr. Trzcinski's "abilities are not sustainable on a full-time basis"; he has "reached his MMI [(maximum medical improvement)] and is unlikely able to return to his current occupation."

22.   By letter dated April 22, 2022, Defendant provided Mr. Trzcinski with a report by one of its doctors, Solomon Rojhani, M.D.

23.   In his report, Dr. Rojhani notes that Mr. Trzcinski's "physical limitations and chronic pain made him not capable of performing a sedentary work [position] in any capacity."

24.   By letter dated April 28, 2022, Mr. Trzcinski responded to Defendant's medical review.

25.   The Employee Retirement Income Security Act of 1974 (ERISA) and 29 CFR 2560.503-1(i)(3)(i) require that a plan administrator notify the claimant of the plan's benefit determination on review no later than 45 days after receipt of claimant's appeal letter, unless there are special circumstances that require an extension. The plan administrator must indicate the special circumstances that require an extension of time. Defendant's 45-day deadline to render a decision on Mr. Trzcinski appeal fell on May 02, 2022.

26.   By letter dated, May 11, 2022, Mr. Trzcinski notified Defendant that the deadline to render a decision had passed.

27.     Defendant ignored Mr. Trzcinski's letter advising Defendant that it was in violation of ERISA by not timely making a benefit determination.

28.     Mr. Trzcinski's LTD appeal is deemed denied by MetLife's failure to render a timely decision.

29.     Mr. Trzcinski exhausted his appeals under ERISA.

30.     By denying Mr. Trzcinski's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants who never examined him.

31.     Defendant's denial of Mr. Trzcinski's long-term disability benefits breached the fiduciary duties owed to Mr. Trzcinski under ERISA. Defendant further failed to discharge its duty with respect to discretionary claims, failing to process claims solely in the interests of Mr. Trzcinski as a participant of the LTD Policy.

32.     Defendant has failed and refused to render an LTD benefit decision in the time period allowed under ERISA and so Mr. Trzcinski's appeal is deemed denied.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 32 as if fully stated herein and says further that:

33.     Plaintiff is entitled to certain benefits of the LTD policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

34.     Plaintiff is entitled to the benefits identified herein because:

    a.  the benefits are permitted benefits under the LTD Policy;

    b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

35.    Defendant has refused to pay the benefits sought by Mr. Trzcinski, ignoring the medical records and conclusion by his physician that he is disabled from work.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 35 as if fully stated herein and says further that:

36.    As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

37.    To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

38.    Defendant is also liable to place Plaintiff in the position he would have enjoyed under the LTD Policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas Trzcinski, prays for a judgment against Defendant, Metropolitan Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 19th day of May 2022.*

/s/ Edward P. Dabdoub
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Zoe Vayer (FBN. 1030850)
zoe@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134

6

Tel:  (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Thomas Trzcinski*